UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

RACHEL SIMMS )
)
Plaintiff, )
v. )
)
) CIVIL ACTION NO.
CAVALRY PORTFOLIO SERVICES, LLC ) 3:12CV279
)
SERVE: THE CORPORATION )
TRUST INC. )
351 West Camden Street )
Baltimore, MD 21201 )
)
Defendant. )

## COMPLAINT

COMES NOW the Plaintiff, Rachel Simms ("Simms" or "Plaintiff"), by counsel, and as for her Complaint against the Defendant, she alleges as follows:

1. This is an action for actual and statutory damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1692, *et seq.* (the Fair Debt Collection Practices Act or "FDCPA") and 47 U.S.C. § 227, *et seq.* (the Telephone Consumer Protection Act or "TCPA").

### JURISDICTION

2. Jurisdiction is proper pursuant to 15 U.S.C. § 1692k, 47 U.S.C. § 227, and 28 U.S.C. § 1331.

### PARTIES

3. Plaintiff is a natural person who resides in the Commonwealth of Virginia and at all times relevant hereto was a "consumer" as defined and governed by the FDCPA.

4. Defendant Cavalry Portfolio Services, LLC, ("Cavalry"), is a Delaware limited liability company with its headquarters and principal place of business located in Valhalla, New York. It regularly collects debts from consumers located across the Commonwealth of Virginia. At all times relevant hereto, Cavalry was a "debt collector" as that term is defined by the FDCPA.

## STATEMENT OF FACTS

5. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by the FDCPA, namely, a credit card with HSBC Bank Nevada, N.A.

6. Plaintiff defaulted on the loan after she lost her job and was unable to continue making payments.

7. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

8. In an attempt to collect this debt, Defendant has placed numerous calls to Plaintiff's family members and friends.

9. During these phone calls, Defendants informed Plaintiff's family members and friends that they were attempting to collect a debt.

10. During each of these phone calls, Plaintiff's family members and friends have informed Defendant that Plaintiff does not reside with them, and further, that the Defendant should stop calling them. Despite this request, Defendant continues to call Plaintiff's family members and friends.

11. Plaintiff has suffered actual damages as a result of these illegal collection actions by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation and embarrassment, amongst other negative emotions.

2

12. The Defendant also engaged in the practice of placing numerous calls to Plaintiff's cell phone and/or residential land lines using a combination of automatic telephone dialers and prerecorded voice messages, without the express consent of the Plaintiff.

## COUNT ONE:
## VIOLATION OF 15 U.S.C. § 1692b(2)

13. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

14. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by its actions, which include but are not limited to the statements made by the Defendant during its repeated communications with third parties that Plaintiff owed a debt.

15. As a result of the actions taken by the Defendant, which include but are not limited to its disclosure to Plaintiff's family members and friends that she owed a debt and other violations set forth herein, Plaintiff has experienced actual damages.

16. Plaintiff is therefore entitled to an award of actual and statutory damages against Defendant as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT TWO:
## VIOLATION OF 15 U.S.C. § 1692c(b)

17. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

18. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by its actions which include but are not limited to the statements made by the Defendant during its repeated, unauthorized communications with a third-party without prior consent of Plaintiff and without express permission of a court.

19. As a result of the actions taken by the Defendant, which include but are not limited to its repeated communications to Plaintiff's family members and friends and other violations set forth herein, Plaintiff has experienced actual damages.

20. Plaintiff is therefore entitled to an award of actual and statutory damages against Defendant as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT THREE:
## VIOLATION OF 15 U.S.C. § 1692d

21. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

22. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d by its actions, which include but are not limited to abusing and harassing Plaintiff.

23. As a result of the actions taken by the Defendant, which include but are not limited to, placing calls to family members and friends, the Plaintiff has incurred actual damages.

24. Plaintiff is therefore entitled to an award of actual and statutory damages against Defendant well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FOUR:
## VIOLATION OF 15 U.S.C. § 1692f

25. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

26. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by its actions, which include, but are not limited to, using unfair means in collect or to attempt to collect a debt.

27. As a result of these actions taken by Defendant, which include, but are not limited to abusing and harassing Plaintiff by its repeated calls to her family members and friends, Plaintiff has incurred actual damages.

28. Plaintiff is therefore entitled to an award of actual and statutory damages against Defendant as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FIVE:
## VIOLATION OF 47 U.S.C. § 227(b)

29. Plaintiff realleges and reincorporates all previous paragraphs as if fully set out herein.

30. The Defendant willfully violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b) by its actions, which include but are not limited to making one or more calls using an automatic telephone dialing system or artificial or pre-recorded voice to Plaintiff's telephone number assigned to a cellular telephone service and/or initiating telephone calls to a residential telephone line using an artificial or prerecorded voice to deliver a message without the Plaintiff's express consent.

31. In the alterative, the Defendant negligently violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b) by its actions, which include but are not limited to making one or more calls using an automatic telephone dialing system or artificial or pre-recorded voice to Plaintiff's telephone number assigned to a cellular telephone service and/or initiating telephone calls to a residential telephone line using an artificial or prerecorded voice to deliver a message without the Plaintiff's express consent.

32. The Plaintiff is therefore entitled to an award of statutory damages against Defendant, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, your Plaintiff demands judgment for actual and statutory damages, attorneys' fees and costs, pursuant to the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act, and such other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**RACHEL SIMMS**

By: *[signature]*
Of Counsel

MATTHEW J. ERAUSQUIN, VSB No. 65434
JANELLE E. MASON, VSB No. 82389
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Telephone: (703) 273-7770
Facsimile: (888) 892-3512
matt@clalegal.com
janelle@clalegal.com

6