UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| RACHEL SIMMS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:12cv279 |
| ) | |
| CAVALRY PORTFOLIO SERVICES, LLC ) | |
| ) | |
| Defendant. ) | |

### FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, Rachel Simms ("Simms" or "Plaintiff"), by counsel, and as for her First Amended Complaint against the Defendant, she alleges as follows:

1. This is an action for actual and statutory damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1692, *et seq.* (the Fair Debt Collection Practices Act or "FDCPA") and 47 U.S.C. § 227, *et seq.* (the Telephone Consumer Protection Act or "TCPA").

### JURISDICTION

2. Jurisdiction is proper pursuant to 15 U.S.C. § 1692k, 47 U.S.C. § 227, and 28 U.S.C. § 1331.

### PARTIES

3. Plaintiff is a natural person who resides in the Commonwealth of Virginia and at all times relevant hereto was a "consumer" as defined and governed by the FDCPA.

4. Defendant Cavalry Portfolio Services, LLC, ("Cavalry"), is a Delaware limited liability company with its headquarters and principal place of business located in Valhalla, New York. It regularly collects debts from consumers located across the Commonwealth of Virginia.

At all times relevant hereto, Cavalry was a "debt collector" as that term is defined by the FDCPA.

## STATEMENT OF FACTS

5. The Defendant alleges that a debt owed by the Plaintiff was consigned, placed or otherwise transferred to Defendant for collection.

6. In an attempt to collect this debt, the Defendant filed a Warrant in Debt against the Plaintiff in Mecklenburg County General District Court.

7. The Defendant submitted a false affidavit along with this Warrant in Debt, misrepresenting that the affiant had personal knowledge of the account and had reviewed the account records. Upon information and belief, the affiant had no such personal knowledge nor did she review the contracts pertaining to the account in question.

8. The Defendant also submitted a "Summary Screen" with the Warrant in Debt, representing to the court that the affiant reviewed the Summary Screen in conjunction with the Affidavit. Upon information and belief, this statement was false and the affiant did not review the Summary Screen at any time.

9. Additionally, the Summary Screen represented that the balance owed was comprised of principal only and included no prejudgment interest. This representation was false.

10. The Defendant mailed a copy of the Affidavit and the Summary Screen to Ms. Crawley.

11. Neither the affidavit nor the summary screen contained a disclosure that the communication was from a debt collector.

12. In order to obtain the judgment, the General District Court relied upon the false collection affidavit and Summary Screen attachment that were presented to the General District Court judge, when counsel for the Defendant asked for judgment on the (false) affidavit.

13. In further attempt to collect this debt, the Defendant has also placed numerous calls to the Plaintiff and her family members and friends.

14. During these phone calls, the Defendant informed Plaintiff's family members and friends that it was attempting to collect a debt from the Plaintiff.

15. During each of these phone calls, Plaintiff's family members and friends informed Defendant that Plaintiff does not reside with them, and further, that the Defendant should stop calling them. Despite these requests, Defendant continued to call Plaintiff's family members and friends.

16. The Defendant also engaged in the practice of placing numerous calls to Plaintiff's cell phone and/or residential landlines using a combination of automatic telephone dialers, predictive dialers, and prerecorded voice messages.

17. The Plaintiff did not give consent for the Defendant to make these calls using automatic telephone dialers, predictive dialers, and/or prerecorded voice messages.

18. The Plaintiff has suffered actual damages as a result of these illegal collection actions by the Defendant in the form of anxiety, emotional distress, fear, frustration, humiliation and embarrassment.

## COUNT ONE:
## VIOLATION OF 15 U.S.C. § 1692b(2)

19. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

20. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by its actions, which include, but are not limited to, the statements made by the Defendant during its repeated communications with third parties that Plaintiff owed a debt.

21. As a result of the actions taken by the Defendant, the Plaintiff has experienced actual damages.

22. Plaintiff is therefore entitled to an award of actual and statutory damages against the Defendant as well as her reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT TWO:
## VIOLATION OF 15 U.S.C. § 1692c(b)

23. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

24. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by its actions which include, but are not limited to, the statements made by the Defendant during its repeated, unauthorized communications with third parties without Plaintiff's prior consent and without the express permission of a court.

25. As a result of the actions taken by the Defendant, the Plaintiff has experienced actual damages.

26. Plaintiff is therefore entitled to an award of actual and statutory damages against the Defendant as well as her reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT THREE:
## VIOLATION OF 15 U.S.C. § 1692d

27. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

28. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d by its actions, which include but are not limited to, abusing and harassing the Plaintiff.

29. As a result of the actions taken by the Defendant, the Plaintiff has experienced actual damages.

30. Plaintiff is therefore entitled to an award of actual and statutory damages against the Defendant as well as her reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT FOUR:
### VIOLATION OF 15 U.S.C. § 1692e

31. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

32. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e by its actions, which include, but are not limited to, using false, deceptive, or misleading representations or means in connection with the collection of a debt.

33. As a result of these actions taken by the Defendant, the Plaintiff has experienced actual damages.

34. Plaintiff is therefore entitled to an award of actual and statutory damages against the Defendant as well as her reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT FIVE:
### VIOLATION OF 15 U.S.C. § 1692e(2)

35. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

36. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2) by its actions, which include, but are not limited to, falsely representing the amount or legal status of a debt owed.

37. As a result of these actions taken by the Defendant, the Plaintiff has experienced actual damages.

38. Plaintiff is therefore entitled to an award of actual and statutory damages against the Defendant as well as her reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT SIX:
## VIOLATION OF 15 U.S.C. § 1692e(10)

39. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

40. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(10) by its actions, which include but are not limited to, using a false representation as a means to collect a debt.

41. As a result of these actions taken by the Defendant, the Plaintiff has experienced actual damages.

42. Plaintiff is therefore entitled to an award of actual and statutory damages against the Defendant as well as her reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT SEVEN:
## VIOLATION OF 15 U.S.C. § 1692e(11)

43. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

44. The Defendant sent a communication to the Plaintiff that bore the legend "Affidavit of Claim" (hereafter "Affidavit"). It also caused the same to be served upon her by law enforcement.

45. The Defendant also sent a communication to the Plaintiff that bore the legend "Summary Screen", and which purported to contain information indicating the details of the

account. It also caused the same to be served upon her by law enforcement. It attached this document to the Affidavit to mislead the Plaintiff and the Court into the belief that the Summary Screen was part of the Affidavit.

46.  The Affidavit and the Summary Screen each failed to inform the Plaintiff that the Defendant was a debt collector, that it was attempting to collect a debt, and/or that any information obtained would be used for that purpose, in violation of 15 U.S.C. § 1692e(11).

47.  As a result of these actions taken by the Defendant, the Plaintiff has experienced actual damages and is therefore entitled to an award of actual and statutory damages against the Defendant, as well as her reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT EIGHT:
## VIOLATION OF 15 U.S.C. § 1692f

48.  Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

49.  The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by its actions, which include, but are not limited to, using unfair means in collect or to attempt to collect a debt.

50.  As a result of these actions taken by the Defendant, the Plaintiff has experienced actual damages.

51.  Plaintiff is therefore entitled to an award of actual and statutory damages against the Defendant as well as her reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT NINE:
## VIOLATION OF 47 U.S.C. § 227(b)

52.  Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

53. The Defendant willfully violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b) by its actions, which include but are not limited to, making one or more calls using an automatic telephone dialing system, a predictive dialer, and/or artificial or pre-recorded voice to Plaintiff's telephone number assigned to a cellular telephone service and/or initiating telephone calls to a residential telephone line using an artificial or prerecorded voice to deliver a message without the Plaintiff's express consent.

54. In the alterative, the Defendant negligently violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b) by its actions, which include but are not limited to making one or more calls using an automatic telephone dialing system, a predictive dialer, and/or artificial or pre-recorded voice to Plaintiff's telephone number assigned to a cellular telephone service and/or initiating telephone calls to a residential telephone line using an artificial or prerecorded voice to deliver a message without the Plaintiff's express consent.

55. The Plaintiff is therefore entitled to an award of statutory damages against Defendant, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff demands judgment for actual, statutory, punitive, and treble damages, for her attorneys' fees and costs, and for declaratory and injunctive relief pursuant to RICO, the Fair Debt Collection Practices Act, and the Telephone Consumer Protection Act, as well as such other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

    Respectfully submitted,
    **RACHEL SIMMS**


    By_____
        Of Counsel

MATTHEW J. ERAUSQUIN, VSB No. 65434
JANELLE E. MASON, VSB No. 82389
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Telephone: (703) 273-7770
Facsimile: (888) 892-3512
matt@clalegal.com
janelle@clalegal.com