UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RACHEL SIMMS,

    Plaintiff,

v.                                                                                               Case No. 3:12-CV-279

CAVALRY PORTFOLIO SERVICES, LLC

    Defendant.

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ARBITRATION

In support of its Motion to Compel Arbitration, the defendant Cavalry Portfolio Services, LLC ("CPS") states as follows:

### INTRODUCTION

The plaintiff, Rachel Simms ("Simms"), has filed a First Amended Complaint against CPS. Simms alleges various violations of the Fair Debt Collection Practices Act (the "FDCPA") and the Telephone Consumer Protection Act (the "TCPA") resulting from CPS's attempts to collect money (the "Debt") from Simms. The Debt stems from Simms' use of a credit card ("Credit Card") that was issued by HSBC Card Services (III) Inc., HSBC Bank Nevada, N.A. ("HSBC"). The terms and conditions (the "Terms & Conditions") that govern the use of the Credit Card contain a broad arbitration provision (the "Arbitration Provision"). A true and accurate copy of the Terms & Conditions is attached as Exhibit 1. Subsequently, the Debt was purchased by Cavalry SPV I, LLC ("SPV I") and then assigned to CPS. As the assignee, CPS has elected to compel arbitration as set forth in the Arbitration Provision. As a result, Simms' claims under the FDCPA and the TCPA should be dismissed or stayed pending arbitration.

1

## PROCEDURAL HISTORY

Simms filed the instant suit on April 16, 2012 against CPS. On or about July 25, 2012, Simms filed the First Amended Complaint which alleges additional violations of the FDCPA and the TCPA. Despite referencing a loan, the Credit Card, a Warrant in Debt, an affidavit and a summary screen, neither the Complaint nor the First Amended Complaint attach any exhibits (Compl. ¶ 5-6; First Am. Compl. ¶¶ 6-12). In the process of reviewing documents for the purpose of Rule 26(a) disclosures, counsel for CPS was sent a copy of the Terms & Conditions.

CPS's Rule 26(a) disclosures are due on August 14, 2012. This matter has been set for trial on January 8, 2013.

## FACTS & ALLEGATIONS

Simms incurred the Debt on the Credit Card that was issued by HSBC (Compl. ¶ 5). Simms defaulted under the Terms & Conditions of the Credit Card when she was unable to make payments to HSBC (Compl. ¶¶ 5-6). Subsequently, SPV I purchased the Debt from HSBC. True and accurate copies of the Bill of Sale, dated November 25, 2009, and the Simms Account Summary are attached as Exhibit 2. On November 26, 2009, SPV I assigned the Debt to CPS. A true and accurate copy of the Assignment, dated November 26, 2009, is attached as Exhibit 3. As an assignee of the Debt, CPS is entitled to enforce the rights and remedies set forth in the Terms & Conditions. The Arbitration Provision states in relevant part:

> This arbitration provision shall apply to any Claim against us, and to each of our parents, subsidiaries, affiliates, any company providing a rewards feature in conjunction with this Agreement, predecessors, successors, and assigns, and each of their officers, directors, agents, and employees. You agree any claim, dispute or controversy (whether based upon contract; tort, intentional or otherwise; constitution; statute; common law or equity and whether pre-existing, present or future) including initial claims, counter-claims, cross-claims and third party claims, arising from this Agreement, including the validity or enforceability of this arbitration clause, any part thereof or the entire

> Agreement ("Claim"), shall be resolved upon the election of you, or us, by binding arbitration pursuant to this arbitration provision and the applicable rules or procedures of the arbitration administrator selected at the time the Claim is filed.

See Exhibit 1.

Simms suggests that CPS violated the FDCPA when it: (1) submitted an alleged false affidavit (the "Affidavit") and a summary screen (the "Summary Screen") in conjunction with a warrant in debt (the "Warrant in Debt") to the Mecklenburg County General District Court; (2) mailed a copy of Affidavit and Summary Screen to Simms without a disclosure that the communication was from a debt collector; (3) communicated with third parties regarding the Debt; (4) allegedly abused and harassed Simms; (5) allegedly used false, deceptive or misleading representations or means to collect the Debt; (6) allegedly misrepresented the amount or legal status of the Debt, and; (7) allegedly used unfair means to collect the Debt (First Am. Compl. ¶¶ 6-11, 13-15, 19-51). Simms claims that Cavalry violated the TCPA by making one or more calls using an automatic telephone dialing system to Simms' cellular phone without her permission (First Am. Compl. ¶ 53). All of Simms claims against CPS arise by statute.

## ARGUMENT

The Arbitration Provision applies to claims that arise by statute (i.e., the FDCPA and the TCPA) and CPS has elected to compel arbitration. As a result, this matter should be dismissed or stayed pending arbitration.

### A. Standard of Law

The Arbitration Provision is governed by the Federal Arbitration Act, 9 U.S.C. §§ 1-16 (the "FAA"). See Exhibit 1. The FAA provides that any agreement to arbitrate "shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of such contract." 9 U.S.C. § 2. The Supreme Court has held that the FAA embodies

a "liberal federal policy favoring arbitration agreements." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000) (quotation omitted). The Fourth Circuit has held that "[t]he heavy presumption of arbitrability requires that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration." *Levin v. Alms & Assocs.*, 634 F.3d 260, 266 (4th Cir. 2011). The presumption in favor of arbitrability is particularly applicable when the arbitration clause is broadly worded, as it is in this case. *Id.* at 267.

The Supreme Court has reiterated its position that the FAA mandates, as a matter of federal law, a continuing commitment to the enforcement of arbitration agreements. *See AT&T Mobility, LLC v. Concepcion*, 131 S.Ct. 1740 (2011); *see also Rent-A-Center, West v. Jackson*, 130 S.Ct. 2772 (2010); *see also Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 130 S.Ct. 1758 (2010). The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

When considering a motion to compel arbitration, the court may not review the merits of the action but must limit its inquiry to "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Kilgore v. KeyBank Nat. Ass'n*, 673 F.3d 947, 955-56 (9th Cir. 2012). If these factors are met, the court must enforce the arbitration agreement in accordance with its precise terms. *See AT&T Mobility, LLC v. Concepcion*, 131 S.Ct. 1740, 1748 (2011).

While generally applicable defenses to contract, such as fraud, duress, or unconscionability, invalidate arbitration agreements, the FAA preempts state-law defenses that

apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue. *AT&T Mobility*, 131 S.Ct. at 1745-47.

### B. Factors In Determining Enforcement of an Arbitration Agreement.

The Court should consider three factors in determining whether to enforce an arbitration agreement: (1) whether the parties consented to arbitration of their claim; (2) whether Congress intended to preclude arbitration in the circumstances of the case; and (3) whether arbitration provides a means to vindicate the claim that the plaintiff has brought. *Garrett v. Margolis, Pritzker, Epstein & Blatt, P.A.*, 2012 U.S. Dist. LEXIS 43113, at *5-6 (E.D. Va. 2012) (*citing Bennett v. Dillard's, Inc.*, 2011 U.S. Dist. LEXIS 24271, at *10-11 (E.D. Va. March 10, 2011)(citing *Koridze v. Fannie Mae Corp.*, 593 F. Supp. 2d 863, 867, (E.D. Va. 2009); *Green Tree Fin. Corp.-Ala.*, 531 U.S. at 90).

### C. The Parties Consented to Arbitrate These Claims.

The Arbitration Provision in the Terms & Conditions for the Credit Card addresses the disputes raised in this case. The Arbitration Provision covers "any claim, dispute or controversy (whether based upon contract; tort, intentional or otherwise; constitution; statute; common law or equity and whether pre-existing, present or future) including initial claims, counter-claims, cross-claims and third party claims, arising from this Agreement." The Arbitration Provision specifically includes the claims raised by Simms that are based on "statute." The scope of the Arbitration Provision is very broad. By agreeing to the Terms & Conditions, the parties showed intent to arbitrate the kind of claims raised in this case.

The Arbitration Provision covers CPS. More specifically, the Arbitration Provision applies to any claim against HSBC and its "parents, subsidiaries, affiliates, any company providing a rewards feature in conjunction with this Agreement, predecessors, **successors, and**

5

**assigns**, and each of their officers, directors, agents, and employees" (emphasis added). See Exhibit 1. The Bill of Sale assigned and conveyed all rights, title and interest in the Debt from HSBC to SPV I. See Exhibit 2. The Assignment subsequently assigned and conveyed all rights, title and interest in the Debt from SPV I to CPS. See Exhibit 3.

### D. No Intent to Preclude Arbitration in the Circumstances of this Case.

The Supreme Court has held that federal statutory claims can be appropriately resolved through arbitration. *Green Tree Fin. Corp.-Ala.,* 531 U.S. at 89. The party seeking to avoid arbitration bears the burden of establishing that Congress intended to preclude arbitration of the statutory claims at issue. *Id.* at 92. Disputes under the FDCPA and the TCPA may be subject to arbitration. *See, e.g., Switzer v. Credit Acceptance Corp.,* No. 5:08CV0007, 2008 U.S. Dist. LEXIS 95830, at *2-3 (W.D. Va. 2008) (enforcing an arbitration agreement in a FDCPA case and holding that "nothing suggests that Congress intended to preclude and arbitral forum for FDCPA claims."); *see also Knutson v. Sirius XM Radio, Inc.,* 2012 US. Dist. LEXIS 75698, at *22-23 (S.D. Ca. 2012) (enforcing an arbitration agreement in a TCPA case).

### E. Arbitration Provides an Effective Means to Vindicate Simms' Claims.

It is well-established that claims under the FDCPA and the TCPA may be effectively vindicated through arbitration. A case is subject to arbitration "so long as the prospective litigant effectively may vindicate his or her statutory cause of action in the arbitral forum." *See Switzer,* 2008 U.S. Dist. LEXIS 95830, at *3 (quoting *Green Tree Fin. Corp.-Ala.,* 531 U.S. at 90) (finding that arbitration provides an effective means to vindicate FDCPA claims). *See also Knutson v. Sirius XM Radio, Inc.,* 2012 US. Dist. LEXIS 75698, at *22-23 (S.D. Ca. 2012) (finding that arbitration provides an effective means to vindicate TCPA claims). As a result,

arbitration provides an effective means to vindicate the claims raised by Simms under the FDCPA and the TCPA.

### F. CPS Has Not Waived Its Right to Compel Arbitration.

CPS has not waived its right to compel arbitration and has not engaged in undue delay. The parties still find themselves in an early stage of litigation. CPS's Rule 26(a) disclosures are not due for another two (2) weeks. CPS has moved to compel arbitration shortly after receiving the First Amended Complaint and as soon as it could confirm that the Arbitration Provision in the Terms & Conditions governed the dispute. *See Garrett v. Margolis, Pritzker, Epstein & Blatt, P.A.*, 2012 U.S. Dist. LEXIS 43113, at *10-13 (E.D. Va. 2012) (holding that defendants who filed two motions to dismiss on the merits were not barred from subsequently compelling arbitration).

Simms bears a "heavy burden" in showing that CPS has waived its right to compel arbitration. *See Garrett v. Margolis, Pritzker, Epstein & Blatt, P.A.*, 2012 U.S. Dist. LEXIS 43113, at *10-13 (E.D. Va. 2012) (*citing MicroStrategy, Inc. v. Lauricia*, 268 F.3d 244, 251 (4th Cir. 2001). A party may waive its right to insist on arbitration if the party "so substantially utilizes the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay." *MicroStrategy, Inc.*, 268 F.3d at 250 (quoting *Maxum Founds, Inc. v. Salus Corp.*, 779 F.2d 974, 981 (4th Cir. 1985). But even in cases where the party seeking arbitration has invoked the "litigation machinery" to some degree, the dispositive question is whether the party objecting to arbitration has suffered actual prejudice." *Id.* (quoting *Fraser v. Merrill Lynch Pierce, Fenner & Smith, Inc.*, 817 F.2d 250, 252 (4th Cir. 1987). The filing of pleadings and delay are insufficient grounds to establish waiver. *See Garrett v. Margolis, Pritzker, Epstein & Blatt, P.A.*, 2012 U.S. Dist. LEXIS 43113, at *10-13 (E.D. Va. 2012). In order to establish

waiver of the right to compel arbitration, the opposing party must show some real, tangible prejudice. *See Garrett v. Margolis, Pritzker, Epstein & Blatt, P.A.*, 2012 U.S. Dist. LEXIS 43113, at *10-13 (E.D. Va. 2012).

CPS has not utilized the "litigation machinery" in the present matter. CPS has not: (1) argued any dispositive motions in this matter; and/or (2) propounded discovery in this matter. At the present, no depositions have been taken. In summary, Simms cannot claim significant costs or delay that would establish prejudice at this time. As a result, CPS has not waived its right to compel arbitration.

## CONCLUSION

For the foregoing reasons, CPS respectfully requests that this Court enter an order compelling arbitration of Simms' claims, dismissing the First Amended Complaint, without prejudice and providing such other relief as the Court deems proper.

Respectfully submitted,

CAVALRY PORTFOLIO SERVICES, LLC

By Counsel

___/s/ Mark R. Colombell___
Mark R. Colombell, VSB No. 48183
Robert R. Musick, VSB No. 48601
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
804.649.7545
804.780.1813 Fax
Email: mcolombell@t-mlaw.com
Email: bmusick@t-mlaw.com
*Counsel for Cavalry Portfolio Services, LLC*

## CERTIFICATE OF SERVICE

I certify that on August 3, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following counsel of record:

> Matthew J. Erausquin, Esq.
> Janelle E. Mason, Esq.
> Consumer Litigation Associates, P.C.
> 1800 Diagonal Road, Suite 600
> Alexandria, VA 22314
> Email: matt@clalegal.com
> Email: Janelle@clalegal.com
>
> Leonard A. Bennett, Esq.
> Consumer Litigation Associates, P.C.
> 763 J. Clyde Morris Boulevard, Suite 1-A
> Newport News, VA 23601
> Email: lenbennett@clalegal.com

_____/s/_____
Mark R. Colombell, Esq. (VSB #48183)
Robert R. Musick, Esq. (VSB #48601)
*Thompson*McMullan, P.C.
100 Shockoe Slip
Richmond, Virginia 23219
Phone (804) 698-6251
Fax (804) 780-1813
Email: mcolombell@t-mlaw.com
Email: bmusick@t-mlaw.com
*Attorney for Cavalry Portfolio Services, LLC*